**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James A. Mills,<br><br>    Plaintiff,<br><br>vs.<br><br>Southwest Service Administrators; and Local Union No. 86 International Union of Painters,,<br><br>    Defendant. | No. CV-10-00262-PHX-GMS<br><br>**ORDER** |

Several motions are pending before the Court: (1) the Motion to Dismiss (Doc. 4) filed by the Local Union No. 86 of the International Union of Painters (the "Union"); (2) the Motion for Summary Judgment (Doc. 5) filed by Southwest Service Administrators, Inc. ("SSA"); (3) two Motions for Summary Judgment (Doc. 7–8) filed by Plaintiff James A. Mills; (4) Mr. Mills's Motion for Judgment on the Pleadings (Doc. 16); (5) and Mr. Mills's Motions for Leave to Amend (Doc. 19, 21). For the reasons set forth below, the Court grants Mr. Mills's request for leave to amend.

## BACKGROUND

Mr. Mills, appearing *pro se*, filed the instant civil action on February 2, 2010. (Doc 1). According to his Original Complaint, Mr. Mills worked as a painter from 1963 until 1974, during which time he was represented by the Union. In July 1974, he began operating his own painting company, and successfully operated that company until he was injured in a 1975 car accident, which caused him severe nerve damage. Due to the accident, and despite

1 two years of therapy, Mr. Mills was not able to return to work and began receiving social
2 security benefits.

3 In 1978 and then again in 2004, Mr. Mills petitioned the Union for pension benefits,
4 to which he allegedly was entitled as a member of the Union. The Union, however,
5 apparently through SSA, denied benefits because Mr. Mills did not have sufficient "pension
6 credits." (Doc. 1 at 6). Based on the decision to deny benefits, Mr. Mills alleges in his
7 Original Complaint that the Union and SSA violated his rights under the Americans with
8 Disabilities Act, Title VII of the Civil Rights Act, and ERISA. *Id*. After the Union and SSA
9 sought dismissal of these claims, Mr. Mills requested leave to amend his Complaint to
10 remove some of his prior claims and assert others. (Doc. 21).

**DISCUSSION**

Mr. Mills's Motion for Leave to Amend is granted. As the Ninth Circuit has repeatedly reiterated, "leave to amend 'shall be freely given when justice so requires.'" *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) (quoting Fed. R. Civ. P. 15(a)). Accordingly, leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Id.* (citation omitted).

At this early stage in the litigation, where neither Defendant has filed an answer to Mr. Mills's claims, the Court is hesitant to deny amendment unless it is absolutely clear that the plaintiff has failed to state a claim. This is especially true where, as here, plaintiff is appearing *pro se*, seems to be acting in good faith, and it is not yet clear whether the amendment will be unsuccessful in saving the suit. Allowing amendment at this juncture will also serve the interests of justice and help clarify the issues. Indeed, upon review of the proposed amendment, Mr. Mills appears to abandon his ADA and Title VII claims, rendering much of the parties' prior motions and briefing moot.

**IT IS THEREFORE ORDERED** that Mr. Mills's Motion for Leave to Amend (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** directing Mr. Mill's to file his Amended Complaint

| | |
|---|---|
| 1 | and serve on all parties under Rule 5 of the Federal Rules of Civil Procedure **within fourteen** |
| 2 | **(14) days** of the filing of this Order. |
| 3 | **IT IS FURTHER ORDERED** terminating the remaining Motions (Doc. 4, 5, 7–8, 16, |
| 4 | and 19) as moot. |
| 5 | DATED this 26th day of July, 2010. |

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge